## DAVIS SEWING MACHINE COMPANY *v.* UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 82. Argued January 6, 1927.—Decided February 21, 1927.

A claim for profits anticipated from the performance of a contract with the Government cannot be based on delays caused by changes made by the Government, when under the contract itself the remedy for such delays was to be an extension of time to the contractor, and when the contract was terminated by a supplemental agreement expressly releasing all claims for such profits. P. 325.

60 Ct. Cls. 201, affirmed.

APPEAL from a judgment of the Court of Claims disallowing in part a claim under a contract to make Very pistols for the Government.

*Mr. Raymond M. Hudson* for the appellant.

*Solicitor General Mitchell* and *Assistant Attorney General Galloway* were on the brief for the United States.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

This suit was brought to recover upon a contract between appellant and the United States to manufacture a large number of Very pistols. It was stipulated in the contract that the Government might terminate it in whole or in part at any time and in that event certain enumerated payments were to be made, not including, however, prospective profits upon uncompleted articles. The contract provided that upon written notice the Government

might make changes in the specifications, increased cost, if any, to be paid, and, for any delay in consequence thereof, a corresponding extension of time for the performance of the contract to be allowed. After the Armistice appellant was reque. ted to suspend work with a view to the negotiation of a supplemental contract providing for the cancellation, settlement and adjustment of the existing contract. Subsequently, appellant filed a claim; and a partial payment supplemental contract was executed, by which the Government agreed to make appellant, an advance payment and speedily determine and pay certain specified items. Appellant agreed that it would not perform further work or services, or incur further expense in connection with the performance of the uncompleted part of its original contract, and expressly waived " all claim to the prospective profits which he [it] might have made from the performance of that portion of said original contract which under the terms of this supplemental agreement will not be performed." The advance payment was made, and the court below found that, after its deduction and the allowance of another credit, there was due appellant a balance of $14,192.25; and it refused to allow appellant anything for profits which appellant would have realized if the contract had been performed. Judgment was rendered accordingly. 60 C. Cls. 201. The appeal to this court was taken under the law as it stood prior to the Act of February 13, 1925, c. 229, 43 Stat. 936.

Appellant contends that changes made by the Government in the specifications, etc., occasioned such delay as to preclude full operations under its contract prior to the termination thereof, and that it should have judgment for the profits which it would otherwise have made. The conclusive answer to this contention is two-fold: (1) The contract itself specified the remedies, to which appellant would be entitled in the event of changes in or a complete or partial termination of the contract, among which pros-

pective profits were not included; and (2) appellant by the terms of the supplemental contract expressly released all claims to such profits.

*Judgment affirmed.*